**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOREL SHOPHAR,

    Plaintiff - Appellant,

v.

CITY OF OLATHE; SAFE HOME OF
KANSAS; LAYNE PROJECT; KVC
KANSAS; ASHLYN YARNELL,

    Defendants - Appellees.

_____

JOREL SHOPHAR,

    Plaintiff - Appellant,

v.

STATE OF KANSAS; KANSAS
DEPARTMENT FOR CHILDREN AND
FAMILIES; AUDRA WEAVER; KRISSY
GORSKI; TEENA WILKIE; MOMS
CLUB; MOMS CLUB OF OLATHE
EAST,

    Defendants - Appellees.

_____

No. 17-3143
(D.C. No. 5:15-CV-04961-DDC-KGS)
(D. Kan.)

No. 17-3144
(D.C. No. 5:16-CV-04043-DDC-KGS)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral

(continued)

_____

Before **BALDOCK**, **KELLY**, and **O'BRIEN**, Circuit Judges.
_____

After Krissy Gorski took the children and made her exodus from the family home she shared with Jorel Shophar a child custody dispute ensued. These cases found their genesis in that dispute; Shophar is unhappy with the manner in which various actors handled child custody matters and brought these cases to correct the wrongs he perceives. His complaints allege violations of various state and federal statutes. The precise issue presented here concerns the legal sufficiency of Shophar's pleadings. Since the district judge appropriately dealt with the legal issues, we affirm the dismissals of Shophar's complaints; we do so for substantially the reasons announced in the four comprehensive and cogent orders addressing the issue.

## BACKGROUND[1]

In August 2015, Gorski took the couple's two children from the family home in Kansas and went to a domestic-abuse shelter known as Safe Home. Shophar contacted

---

estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] The following factual background is synthesized from the numerous convoluted allegations asserted throughout Shophar's federal court pleadings. At the motion to dismiss stage, the veracity of factual allegations is not at issue even if the allegations are "unrealistic or nonsensical," "chimerical," or "extravagantly fanciful." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 681 (2009). "It is the conclusory nature of [Shophar's] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." *Id.* at 681.

MOMS Club (a support group for stay-at-home mothers), the Olathe Police Department, and the Kansas Department for Children and Families (DCF), but they all refused to disclose the whereabouts of Gorski and the children.

DCF then began investigating Shophar for domestic abuse. He denied the allegations and accused Gorski of prostitution, drug use, and extortion.

In September 2015, the children were placed in state custody pending further investigation. At some point, DCF placed the children with Teena Wilkie (a member of MOMS Club). Ashlyn Yarnell was appointed as the children's guardian ad litem. Throughout this time, Shophar was allowed to see his children at Layne Project, a child advocacy group that offers supervised parental visits.

## I. Appeal No. 17-3143

In November 2015, Shophar filed a pro se federal lawsuit against the City of Olathe, Safe Home, Layne Project, KVC Kansas (a private child welfare/healthcare organization), and Yarnell. He alleged the defendants were indifferent to Gorski's criminal activities and her manipulation of the child-custody proceedings. He further claimed they had negligently cared for his children and had discriminated against him in violation of "the Biblical laws and . . . the State laws." Compl. 4, ECF No. 1-1. All defendants moved to dismiss.

Shophar was permitted to amend his complaint, which he did in October 2016, adding considerable detail to his allegations about Gorski's criminal conduct and the defendants' involvement therein. The focal point of his allegations remained the defendants' support of Gorski. He claimed violations of 42 U.S.C. § 1983 (with respect

3

to the First, Fourth, Sixth, and Fourteenth Amendments); 42 U.S.C. § 1985(3) (conspiracy to deprive equal-protection rights); 18 U.S.C. § 1029 (fraud in connection with access devices); and Kan. Stat. Ann. § 38-141 (providing a civil cause of action in support of parental rights). The defendants again moved to dismiss.

This time, the district court granted the motions and entered judgment against Shophar. He appeals to this court for relief.

## II. Appeal No. 17-3144

Meanwhile, in April 2016, Shophar filed another pro se federal suit based on similar allegations, but this time he named as defendants the State of Kansas and DCF. In a lengthy, prolix complaint, he repeated his drug use and prostitution allegations against Gorski and he added the history of the church he had founded, his "private investigation on drug distribution in the State of Michigan," and his "plan to open a rehabilitation center" in Kansas with Gorski. Compl. 3, ECF No. 1. When the defendants moved to dismiss, the district judge allowed Shophar to amend his complaint.

In a July 2016 amended complaint, he expanded the list of defendants to include Gorski; Wilkie; MOMS Club; MOMS Club of Olathe East; and Audra Weaver. Motions to dismiss again ensued, and he was afforded yet another opportunity to amend.

In a December 2016 second-amended complaint, he elaborated on his allegations, providing a rambling narrative of the custody events, interwoven with his concern for "problems facing the inner cities"; his desire "to help the feeble, and the broken, and the fatherless"; and his determination to expose the alleged criminal behavior of Gorski and the named others. Am. Compl. 1, ECF No. 90. He asserted violations of 42 U.S.C.

4

§ 1983 (in regard to the First, Fourth, and Fourteenth Amendments); 42 U.S.C. § 1985(3) (conspiracy to deprive equal-protection rights); 18 U.S.C. § 242 (criminal deprivation of constitutional rights); 18 U.S.C. § 1038 (conveying false information in violation of criminal laws); 8 U.S.C. § 1324c (document fraud in immigration cases); 42 U.S.C. § 12203 (retaliation for opposing disability discrimination); Kan. Stat. Ann. § 21-6103 (criminal false communications); Kan. Stat. Ann. § 21-5601 (criminal child endangerment); and Kan. Stat. Ann. § 38-2223(e) (criminal failure to report child abuse).

Prompted by another round of motions to dismiss, the district judge entered judgment against Shophar in June 2017. He again appeals to this court for relief.

## DISCUSSION

All of Shophar's claims were dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). "We review de novo the grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, and uphold the district court's dismissal if the complaint doesn't contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Wasatch Equality v. Alta Ski Lifts Co.*, 820 F.3d 381, 386 (10th Cir. 2016) (citation and internal quotation marks omitted). To the extent the judge also relied on personal and subject-matter jurisdiction defects in Shophar's claims against MOMS Club and Wilkie, our review is likewise de novo. *See Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017) ("We review de novo the district court's dismissal for lack of personal jurisdiction" under Rule 12(b)(2) (internal quotation marks omitted)); *Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009) (noting a

5

Rule 12(b)(1) dismissal based on the insufficiency of the complaint's allegations is reviewed de novo).

Shophar does not address the grounds on which his claims were dismissed. Instead, he offers only "generalized assertion[s] of error," devoid of any "citations to the authorities and parts of the record on which [he] relies." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840-41 (10th Cir. 2005). For instance, he "questions the concern the [district] [c]ourt had for the children," and he asserts the dismissals were contrary to "Biblical law" because the defendants were able to "avoid answering[ ] or controverting with their side of the events." Aplt. Opening Br (No. 17-3143) at 5, 6; *id.* (No. 17-3144) at 5, 6. Further, he contends he "submitted clear evidence that the mother of his children falsely accused him of domestic [violence] and child abuse." *Id.* (No. 17-3143) at 7; *id.* (No. 17-3144) at 6. These assertions "are wholly inadequate to preserve issues for review." *Garrett*, 425 F.3d at 840.

Despite Shophar's pro se status, we cannot serve as his advocate, searching the record and fashioning legal arguments for him. *Garrett*, 425 F.3d at 840. "[I]t is the appellant's responsibility to tie the salient facts, supported by specific record citation, to his legal contentions." *United States v. Rodriguez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997) (brackets and internal quotation marks omitted).

Nevertheless, we have exercised our discretion to review the record and the applicable law, *see Garrett*, 425 F.3d at 841, and see no error in the dismissals of Shophar's complaints. The judge gave Shophar ample opportunities to make plausible claims, which he failed to do.

6

**CONCLUSION**

We affirm the orders dismissing Shophar's complaints.

Entered for the Court


Terrence L. O'Brien
Circuit Judge